1
2
3
4
5
6
7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JIMMY LEE MILES, | Case No.: 1:16-cv-00017-JLT |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE |
| v. | |
| D. DAVEY, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |
| Respondent. | ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

In this action, Petitioner challenges the validity of his 1986 plea of guilty and resulting indeterminate sentence. (Doc. 2). In the course of conducting a preliminary screening of the petition, the Court has noted that Petitioner has previously a prior federal habeas petition challenging this same conviction. Petitioner has previously filed a petition in case no. 1:94-cv-05003-AWI-SMS on January 3, 1994, challenging the validity of his 1986 guilty plea based, inter alia, upon his purported incompetence. The petition was denied on its merits on September 5, 2002. Petitioner appealed to the Ninth Circuit, which affirmed the district court's denial of the petition on October 17, 2003. Therefore, because this current petition is a second or successive petition, the Court recommends that it be **DISMISSED**.

I.    **DISCUSSION**

    A. Preliminary Review of Petition.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

1  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

2  not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 8 indicate that

3  the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4,

4  pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

5  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

6       B.  Successive Petitions. [§ 2254]

7       A federal court must dismiss a second or successive petition that raises the same grounds as a

8  prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition

9  raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive,

10 constitutional right or 2) the factual basis of the claim was not previously discoverable through due

11 diligence, and these new facts establish by clear and convincing evidence that but for the constitutional

12 error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28

13 U.S.C. § 2244(b)(2)(A)-(B).

14      However, it is not the district court that decides whether a second or successive petition meets

15 these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth

16 Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

17 section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

18 order authorizing the district court to consider the application."   In other words, Petitioner must obtain

19 leave from the Ninth Circuit before he can file a second or successive petition in district court.  See

20 Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive

21 petition unless the Court of Appeals has given Petitioner leave to file the petition because a district

22 court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129

23 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*,

24 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

25      Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

26 and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

27 Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from

28 the Ninth Circuit to file this successive petition attacking his conviction.  Rather, Petitioner, after

candidly acknowledging the existence of his prior habeas petition, argues that the Court erred in its earlier denial of that petition.  (Doc. 1). That being the case, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that 1986 conviction under § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  **If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).**

## ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __January 14, 2016__                    _____/s/ Jennifer L. Thurston__
                                                       UNITED STATES MAGISTRATE JUDGE

3